

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWARD HARVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-177-A |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On March 18, 2011, the above-captioned action was removed from the District Court of Tarrant County, Texas, 342nd Judicial District, by Wells Fargo Bank, N.A., the sole defendant at the time of removal. Defendant alleged that the court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332. In addition to alleging the fact of diversity, defendant alleged that the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court ordered on March 23, 2011, that defendant file an amended notice of removal, together with any affidavits or declarations, or other supporting documents, showing that the sum or value in controversy is in the requisite amount.

Defendant filed an amended notice of removal on April 4, 2011, in which it argues that the fact that the property sold at public auction on September 8, 2010, for $159,515 establishes that the property value is well above the requisite jurisdictional amount. This basically was the same contention as to jurisdictional amount defendant made in the original notice.

The court continues to have concern that defendant has not demonstrated that the matter in controversy exceeds the requisite amount.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d

---

[1] The removal statute, 28 U.S.C. § 1441(a), provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

3

at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the requisite amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983). It is also "the value of the right to be protected or the extent of the injury to be prevented." Id.

### III.

### The True Nature of Plaintiff's Claims

The pleading (referred to as a "petition") by which the action was instituted in state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an

attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan. As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. The court was aided by an explanation plaintiff gave in a motion she filed in the state court for dismissal of Secretary of Veterans Affairs, who plaintiff had named as a defendant in her state court petition. Plaintiff alleged in the motion that "[p]laintiff filed the above-entitled and numbered cause to restrain Defendant SVA from evicting Plaintiff from the Property and to reverse the foreclosure matter carried out by Defendant Wells Fargo Bank, N.A." Am. Notice of Removal, Ex. B-6 at 1.

The court obtained further clarification from the parties during a telephone conference conducted by the court on April 21, 2011, with counsel for plaintiff, defendant, and Secretary of Veterans Affairs, respectively, on the line. Counsel for plaintiff explained that the reason this action was filed was to prevent an eviction from the property based on an eviction suit the Secretary of Veterans Affairs had filed after defendant had transferred the property, following a foreclosure sale, to the Secretary. Counsel for plaintiff clarified that the remaining

goal of the lawsuit was to obtain an adjudication that the foreclosure was invalid. The issue of injunctive relief was removed from the case once plaintiff came to an agreement with the Secretary that led to the Secretary's dismissal in state court.

The court is satisfied that there is no legitimate claim in this action that the indebtedness described by plaintiff in the petition is not a valid and outstanding indebtedness, secured by a lien against the property, that plaintiff is not in default on the indebtedness, or that a foreclosure sale would not be proper if conducted in a procedurally correct manner. Any allegation in the petition that plaintiff has any rights inconsistent with the state of affairs just described would be specious, and should be ignored. Obviously, plaintiff is not litigating over ownership of the property--only over the length of time plaintiff can stay in the property at no cost to him. No information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action. Thus, the court remains without information that would enable the court to

find that the requisite jurisdictional amount in controversy exists. Therefore,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED April 22, 2011.

_____
JOHN McBRYDE
United States District Judge